UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRASANNA GOONEWARDENA,<br><br>　　　　　　　Plaintiff,<br><br>　　-against-<br><br>CITY OF NEW YORK, et al.,<br><br>　　　　　　　Defendants. | CIVIL ACTION NO. 24-CV-5554 (MMG) (RFT)<br><br>**OPINION & ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff seeks leave to file his proposed Third Amended Complaint ("Proposed TAC"). (ECF 14, Pl.'s Mot.) For the reasons set forth below, Plaintiff's motion for leave to amend is GRANTED.[1]

**FACTUAL BACKGROUND**

Plaintiff, who is Sri Lankan-born and self-identifies as being of South Asian descent, is employed by the New York City Department of Social Services as a fraud investigator with the Bureau of Fraud Division. (*See* ECF 20, Proposed TAC ¶¶ 12, 74-75, 154.) Plaintiff alleges that Defendants conspired to harass and discriminate against Plaintiff on account of his race and national origin, which includes: filing at least five sets of false employment disciplinary charges against Plaintiff; creating a hostile work environment for Plaintiff and intimidating him in the

---

[1] A magistrate judge may grant a Rule 15 motion to amend by memorandum and order but must issue a report and recommendation to deny a motion to amend. *See, e.g., Xiaohong Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15-CV-4546 (LGS) (KHP), 2017 WL 2462675, at *1 (S.D.N.Y. June 7, 2017), *report and recommendation adopted*, 2018 WL 501605 (S.D.N.Y. Jan. 19, 2018).

workplace; retaliating against Plaintiff for filing workplace complaints raising Defendants' harassment and discrimination; and conspiring to terminate Plaintiff's employment. (*See generally id.* ¶¶ 34-234 (Plaintiff's "Factual allegations").)

Plaintiff filed the original Complaint on July 24, 2024, alleging, among other claims, race discrimination, hostile work environment, and conspiracy; First Amendment retaliation; discrimination and retaliation in violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"); and state law defamation. (*See* ECF 1, Compl.)[2] Plaintiff filed an Amended Complaint as of right on August 1, 2024, to dismiss several Defendants, join a new Defendant, and add factual allegations. (*See* ECF 5, Am. Compl.)[3]

Plaintiff sought leave to amend the Amended Complaint on August 14, 2024, to correct typographical errors, to add details relevant to certain claims, to remove two Defendants, and to add an additional claim of state law negligence against Defendant City of New York (the "City"). (*See* ECF 6, Mot. To Amend.) The Honorable Margaret M. Garnett permitted the amendment on August 23, 2024 (*see* ECF 7, Order), and Plaintiff filed the Second Amended Complaint ("SAC") on September 4, 2024 (*see* ECF 8, SAC).[4]

---

[2]     The Defendants in the original Complaint were: the City, Emily Tone-Hill, Albert Gamarra, Ann Scalia, Dinorah Nunez-White, Eric Smalls, Sonia Daly, Maria Feliu, Caroline Hernandez, Frank Pira, April Hill, Petal Harlow, Tyra Branch, Mark Neal, Denise DePrima, Alexander Stadnyk, Cindy Rivera, Charise Latimer-Jackson, Sherkia Boone, Sylvia Hinds-Radix, Theresa Spillane, Paul Ligresti, Stephen Dickerson, Venessa Faison, Dennis Whinfield, and Jill Berry. (ECF 1, at 1.)

[3]     The Amended Complaint dismissed as Defendants: Albert Gamarra, Sonia Daly, Maria Feliu, Mark Neal, Venessa Faison, and Jill Berry. Plaintiff added Mark George as a Defendant. (*See* ECF 5, at 1.)

[4]     The SAC was filed on the docket as an "Amended Complaint" and dismissed as Defendants: Sylvia Hinds-Radix and Theresa Spillane. (*See* ECF 8, at 1.)

2

New York City Corporation Counsel ("Corporation Counsel") filed a notice of appearance on behalf of Defendants the City and Ann Scalia (together, the "Served Defendants"). (*See* ECF 10, Not. of Appearance.) Corporation Counsel requested an extension of time to respond to the SAC, which Judge Garnett granted. (*See* ECF 12, Order.) Plaintiff requested an extension of time to serve all Defendants until December 13, 2024, and he also sought leave to again amend the operative complaint to add new claims and to modify existing claims. (*See* ECF 14, Pl.'s Mot.) No proof of service has been filed as to any Defendant.[5]

Judge Garnett referred this case to me on October 11, 2024 for general pretrial supervision. (*See* ECF 15, Order of Reference.) I held a status conference on October 18, 2024 and ordered: Corporation Counsel to inform the Court whether she could accept service for any Defendants the City determines it will represent; Plaintiff to file his Proposed TAC by October 30, 2024; Served Defendants to file their anticipated opposition to the motion to amend by November 15, 2024; and Plaintiff to file his reply in further support of his motion by November 26, 2024. (*See* ECF 17, Order.) Corporation Counsel subsequently informed the Court that she is unable to accept service on behalf of any remaining Defendants, because Corporation Counsel's general practice is not to accept service on behalf of individual employees who are sued in their individual capacity and are not executive-level employees. (*See* ECF 18, Letter.)

---

[5]  By December 13, 2024, Plaintiff had not served the following Defendants named in the SAC: Emily Tone-Hill, Dinorah Nunez-White, Eric Smalls, Caroline Hernandez, Frank Pira, April Hill, Petal Harlow, Tyra Branch, Denise DePrima, Alexander Stadnyk, Cindy Rivera, Charise Latimer-Jackson, Sherkia Boone, Mark George, Paul Ligresti, Stephen Dickerson, and Dennis Whinfield. (*See id.* at 1.)

Plaintiff timely filed the Proposed TAC as well as a memorandum of law in support of his motion to amend. (*See* ECF 20, Proposed TAC; ECF 21, Pl.'s Mem.) The Proposed TAC includes, among other additions: (1) allegations providing further support for the defamation and federal race discrimination claims; (2) allegations about discriminatory acts by Defendants that took place after Plaintiff filed the SAC; (3) allegations supporting claims of aiding and abetting under the NYSHRL and the HYCHRL; and (4) naming Jill Berry as a Defendant again. (*See* ECF 20, Proposed TAC ¶¶ 235-331; ECF 21, Pl.'s Mem. at 2.)

Served Defendants timely filed an opposition to the motion to amend, arguing that the proposed amendments would be futile; their opposition addressed only the new claims and allegations in the Proposed TAC and did not raise any other potential infirmities in the Proposed TAC. (*See generally* ECF 22, Defs.' Mem.) Served Defendants also argued that Plaintiff should not be granted additional time to serve the remaining Defendants, asserting that Plaintiff has not demonstrated good cause for the requested extension. (*See id.* at 2.)

Plaintiff timely filed a reply in further support of his motion (ECF 24). On February 3, 2025, Plaintiff filed a letter on the docket noting that he has been caring for his elderly father during an illness and has taken a leave from work under the Family and Medical Leave Act ("FMLA"). (*See* ECF 26, Pl.'s Letter.)

## LEGAL STANDARDS

As relevant here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so

4

requires." Fed. R. Civ. P. 15(a)(2).[6] The Second Circuit has held that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011). Under Rule 15, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000). "Generally, amendment is treated as futile if the proposed claim could not withstand a motion to dismiss." *United States ex rel. Hussain v. CDM Smith, Inc.*, No. 14-CV-9107 (JPO), 2018 WL 11217206, at *1 (S.D.N.Y. Jan. 31, 2018); *see also Bryant v. Silverman*, 284 F. Supp. 3d 458, 467 (S.D.N.Y. 2018) ("A proposed amended complaint is futile when it fails to state a claim."). "In assessing the futility of a proposed amended pleading, the factual allegations set forth in the proposed amended pleading are assumed to be true." *Bryant*, 284 F. Supp. 3d at 468.

One factor that counsels in favor of amendment is avoiding piecemeal litigation. *See Mendez v. K&Y Peace Corp.*, No. 16-CV-5562 (SN), 2017 WL 1900301, at *2 (S.D.N.Y. May 8, 2017) (granting the plaintiffs leave to file a third amended complaint, which alleged federal and state law claims, to avoid a "second, identical lawsuit and piecemeal litigation [that] would waste both judicial resources and the defendants' time and litigation budgets"); *see also Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc.*, No. 12-CV-4221 (LAP) (DF), 2013 WL 3956377, at *5 (S.D.N.Y. July 26, 2013) ("[B]ecause Plaintiff's proposed new claims rely on essentially the same facts as were set out in his original Complaint, forcing Plaintiff to institute a

---

[6] Unless stated otherwise, this opinion and order omits internal quotation marks and citations from quotations.

new action against the . . . defendant[ ] would run counter to the interests of judicial economy."). Additionally, courts have broad inherent authority to manage their dockets to promote the orderly disposition of cases. *See Worms v. Rozhkov*, No. 20-CV-6422 (LJL), 2021 WL 4124662, at *2 (S.D.N.Y. Sept. 9, 2021) ("[F]ederal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)); *see also Hewlett-Packard Co. v. Factory Mut. Ins. Co.*, No. 04-CV-2791 (TPG) (DF), 2006 WL 1788946, at *17 (S.D.N.Y. June 28, 2006) (granting conditional leave to amend, despite the plaintiff's "substantial delay in seeking leave to amend," in order "to facilitate resolution of disputes on the merits").

Federal Rule of Civil Procedure 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "While a plaintiff's pro se status . . . does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m), the Court may nevertheless exercise its discretion and extend the time to serve." *Harper v. NYC Admin. for Child.'s Servs.*, No. 09-CV-2468 (JGK), 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010).

## DISCUSSION

The new allegations and claims Plaintiff seeks to add in the Proposed TAC are deeply entwined with the allegations and claims in the SAC. For example, the allegations in the

Proposed TAC providing further support for Plaintiff's federal race discrimination and state law defamation claims are not different in kind from the allegations in the SAC supporting those same claims. (*Compare* ECF 20, Proposed TAC ¶¶ 235-45, 290-98, *with* ECF 8, SAC ¶¶ 200-06, 255-61.) The allegations in the Proposed TAC about discriminatory acts by Defendants that took place after Plaintiff filed the SAC likewise are very similar to the allegations in the SAC. (*Compare* ECF 20, Proposed TAC ¶¶ 313-20 (alleging that the Defendants engaged in discriminatory practices, that multiple individual Defendants continued to conspire to harass Plaintiff after the SAC was filed, and that the City is responsible for the individual Defendants' conduct), *with* ECF 8, SAC ¶¶ 206, 215, 219-23, 230-32, 243-46, 251-53, 257-59, 274 (alleging similar facts that predate Plaintiff's filing of the SAC).) The claims in the Proposed TAC against the individual Defendants for aiding and abetting discrimination and retaliation under the NYSHRL and the NYCHRL (*see* ECF 20, Proposed TAC ¶¶ 321-25) cannot be assessed without reference to the underlying claims of NYSHRL and NYCHRL violations in the SAC (*see* ECF 8, SAC ¶¶ 216-37). Likewise, the claims against the newly added Defendant Berry, which are also asserted against several other individual Defendants (*see* ECF 20, Proposed TAC ¶ 33; ECF 21, Pl.'s Mem. at 2), are most efficiently considered at the same time (*see, e.g.*, ECF 20, Proposed TAC ¶¶ 259-62 (alleging race and ancestry discrimination under the NYSHRL against all Defendants)). Accordingly, to permit all Plaintiff's claims to be addressed on one motion, I GRANT Plaintiff's motion to amend the SAC (ECF 14) and to make the Proposed TAC (ECF 20) the operative complaint, without prejudice to Defendants' filing of a motion to dismiss the TAC.

On the issue of service, Plaintiff has not filed proof of service indicating that he has served any Defendants, and it does not appear that Plaintiff timely served any Defendants

7

other than Served Defendants. Plaintiff's time to serve expired on December 3, 2024. (*See* ECF 8, SAC.) However, based on Plaintiff's status as a pro se litigant who is not proceeding in forma pauperis and thus does not have the assistance of the United States Marshals Service in effecting service, I exercise my discretion to permit Plaintiff additional time to serve. *See Harper*, 2010 WL 23328, at *2. Additionally, Plaintiff's need to take an FMLA leave from work to care for his ill father constitutes good cause for the delay in service (*see* ECF 26, Pl.'s Letter) and is an independent reason to grant Plaintiff additional time to effect service on the remaining Defendants. Accordingly, I GRANT Plaintiff's motion for an extension of time to serve the remaining Defendants until **July 3, 2025.**

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend the SAC (ECF 14) is GRANTED without prejudice to Defendants' right to move to dismiss the TAC if they choose. The TAC (ECF 20) is now the operative complaint. The Clerk of Court is respectfully requested to issue summonses as to: Emily Tone-Hill, Dinorah Nunez-White, Eric Smalls, Caroline Hernandez, Frank Pira, April Hill, Petal Harlow, Tyra Branch, Denise DePrima, Alexander Stadnyk, Cindy Rivera, Charise Latimer-Jackson, Sherkia Boone, Mark George, Paul Ligresti, Stephen Dickerson, Dennis Whinfield, and Jill Berry.

Plaintiff's application for an extension of time to serve Defendants who have not yet been served is GRANTED, nunc pro tunc, until **July 3, 2025**. Plaintiff is ORDERED to serve Defendants who have not yet been served (Emily Tone-Hill, Dinorah Nunez-White, Eric Smalls, Caroline Hernandez, Frank Pira, April Hill, Petal Harlow, Tyra Branch, Denise DePrima, Alexander Stadnyk, Cindy Rivera, Charise Latimer-Jackson, Sherkia Boone, Mark George, Paul

Ligresti, Stephen Dickerson, Dennis Whinfield, and Jill Berry) with a newly issued summons and a copy of the TAC and to file proof of service as to all Defendants on the docket by **July 3, 2025**. All Defendants who have been served by July 3, 2025 shall respond to the TAC by **August 4, 2025**; Plaintiff shall have until **September 3, 2025** to oppose any motion to dismiss the TAC; replies in further support of any motions to dismiss the TAC shall be filed by **September 17, 2025**; Defendants shall have until **September 17, 2025** to file a letter-motion to stay discovery; and Plaintiff shall have until **October 1, 2025** to oppose any letter-motion to stay discovery. The Clerk of Court is respectfully requested to terminate ECF 14.

DATED:  June 3, 2025
        New York, New York

SO ORDERED.

_____
ROBYN F. TARNOFSKY
United States Magistrate Judge