UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x       AMENDED
 PRASANNA GOONEWARDENA,                                                          EMERGENCY MOTION

                                Plaintiff

                        -against-                                                                              24 CV 5554 (MMG) (RFT)

CITY OF NEW YORK, EMILY TONE-HILL,
ANN SCALIA, DINORAH NUNEZ-WHITE,
ERIC SMALLS, CAROLINE HERNANDEZ,
FRANK PIRA, APRIL HILL, PETAL HARLOW,
TYRA BRANCH, DENISE DEPRIMA,
ALEXANDER STADNYK, CINDY RIVERA,
CHARISE LATIMER-JACKSON, SHERKIA BOONE,
MARK GEORGE, PAUL LIGRESTI, STEPHEN DICKERSON,
DENNIS WHINFIELD, JILL BERRY,
HUMAN RESOURECES ADMINISTRATION/DSS
                               Defendants
------------------------------------------------------------------------x

     PLEASE TAKE NOTICE, that Plaintiff Prasanna Goonewardena files this emergency motion pursuant to F. R. C. P. 72 (b) (2) objecting Judge Robyn Tarnofsky's order dated September 5, 2025, refusing to accept Fourt Amended Complaint as the operating pleading that Plaintiff filed on September 3, 2025, pursuant to District Judge Margaret Garnett's individual practice rules III (E) (3) that applies to prose Plaintiffs. Plaintiff respectfully requests:

1. Pursuant to Hon. Margarett Garnett's individual practice rules III (E) (3) grant fourth amended complaint as the operating pleading;

2. Reject Defendant's frivolous motion voided as it exceeded Judge Garnett's individual practice rules the motion to dismiss memorandum page requirement 8,750 pages;

3. The defendant's memorandum of law that is consist of AI arguments, misleading and false statements violating NYS ethics for lawyers & ABA rules;

4. Reject Defendant's motion to dismiss holding the standard set in Schwalb v. City University of New York Queens College 25 cv 2616 E. D. E. N. Y.

5. Plaintiff respectfully requests both Judges not to block or cancel Plaintiff's Pacer account that he had since 2011, as he has concerns specifically with Judge Tarnofsky.

6. Plaintiff respectfully requests not to publish any orders in this case that issue orders as not for publication.

## Preliminary statement

It is not disputed that Magistrate Judge Robyn Tarnofsky is acting as the district Judge making final decisions on dispositive motion. It is not disputed that Plaintiff's case is full of evidence consist of audio recordings, documentary evidence that the defendant's acted with malice & lied numerous times. Based on the proceedings thus far, it appears that Judge Garnett does not want to be part of Plaintiff's case adjudicating applying the rule of law ethically. It is not disputed that Plaintiff has never said anything to Judge Tarnofsky & Judge Garnett; therefore, both Judges should not have any animosity towards the Plaintiff. All Plaintiff wants is treated just like other litigants, specifically applying the standard set by Judge Hector Gonzalez in *Schwalb v. City University of New York Queens College* 25 cv 2616 E. D. N. Y.

## Argument

It is well settled that pursuant to Title 28, United States Code, Section 636, and the Federal Rules of Civil Procedure and Criminal Procedure, federal magistrate judges are prohibited from making final, binding decisions on certain "dispositive" matters. Instead, they submit a report and recommendations to a federal district judge, who then makes the final decision.

Magistrate Judge Tasrnofsky' decision date September 5, 2025, refusing to accept Plaintiff's Fourth Amended Complaint that was filed pursuant to District Judge Margaret Garnett's individual practice rules III (E) (3): Motions to Dismiss, if a defendant files a motion to dismiss, a pro se plaintiff may amend the complaint within 30 days to address the issues raised in the motion rather than responding to the motion. If the pro se plaintiff chooses to file an amended complaint, the defendant must within 14 days after service of the amended complaint (1) answer; (2) file a new or supplemental motion to dismiss; or (3) submit a letter on ECF stating that it relies on the previously filed motion to dismiss.

This rule applies even if a Plaintiff was granted an amendment previously. In prejudiced mind, Magistrate Judge Tarnofsky denied Plaintiff's Fourth Amended Complaint as the operating pleading. In this situation, regardless that the plaintiff was granted to amend the complaint previously, this Court must accept Plaintiff's Fourth Amended Complaint as the operating pleading pursuant to Your Honor's individual Practice Rules III (E) (3). Rules should not be ignored just for the Plaintiff.

### The Court should not interfere with Plaintiff's pacer account

Plaintiff respectfully requests both chambers not to interfere with Plaintiff's pacer account. Interfering with Plaintiff's private life is not a judicial act. It is a violation of liberty interests. Only a Judge can block or close Plaintiff's Pacer account he had since 2011.

### Disqualifying a Judge

Recusal is mandatory where a judge's "impartiality might reasonably be questioned." 28 U. S. C. section 455 (a) (explaining that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). A judge also "shall" recuse where she "has a personal bias or prejudice concerning a party." 28 U. S. C. section 455

(b) (1). The touchstone for recusal under Section 455 (a) is "not the reality of bias or prejudice but is appearance." *Liteky v. United States,* 510 U. S. 540, 548 (1994) "The very purpose of section 455 (a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

It is not disputed that judge Garnett and Magistrate Judge Tarnofsky had not read the Third Amended Complaint and any of the papers Plaintiff filed thus far. Both judges relying on their Chief law Clerks interpretations and opinion. If you are in Plaintiff's shoes, what would you want done? If Judge Tarnofosky decides to step away, this case should be assigned to Hon. Barbara Moses so Plaintiff could get justice. Plaintiff has very concerns with Judge Tarnofsky.

### Fourth Amended Complaint should be the operating pleading

District Judge Margaret Garnett's individual practice rules III (E) (3) states: Motions to Dismiss, if a defendant files a motion to dismiss, a pro se plaintiff may amend the complaint within 30 days to address the issues raised in the motion rather than responding to the motion. If the pro se plaintiff chooses to file an amended complaint, the defendant must within 14 days after service of the amended complaint (1) answer; (2) file a new or supplemental motion to dismiss; or (3) submit a letter on ECF stating that it relies on the previously filed motion to dismiss.

This rule applies even if [a] Plaintiff was granted an amendment previously. In prejudiced mind, Magistrate Judge Tarnofsky denied Plaintiff's Fourth Amended Complaint as the operating pleading. In this situation, regardless that the plaintiff was granted to amend the complaint previously, this Court must accept Plaintiff's Fourth Amended Complaint as the operating pleading pursuant to Your Honor's individual Practice Rules III (E) (3). Rules should not be ignored just for the Plaintiff.

WHEREFORE, Plaintiff respectfully requests Judge Garnett to accept Plaintiff's Fourth Amended Complaint as the operating Pleading; strike defendants' motion as frivolous as explained, *supra*; make every attempt to resolve the case following standards set in *Schwalb v. City University of New York* 25 cv 2616 E. D. N. Y. and prose case *Binns-Harty Bolt v. McDonogh* 21 cv 7276 S. D. N. Y. 2021.

Dated: September 7, 2025                          Respectfully submitted,

    New York, NY                                          -/s/-

                                                                Prasanna Goonewardena

cc: Shivani Damera, attorney for the defendants