UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRASANNA GOONEWARDENA,<br><br>                              Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK, et al.,<br><br>                              Defendants. | 24-CV-5554 (MMG) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Judge Garnett has referred this matter to the undersigned for general pretrial subversion, including decisions on non-dispositive motions. (ECF 15.) Pending before the Court is Plaintiff's amended emergency motion for miscellaneous relief (ECF 59). As discussed at the conference on September 12, 2025:

1. Plaintiff's application for the Court to reject any motion by Defendants to dismiss the Fourth Amended Complaint ("FAC"), which is the operative complaint, is **DENIED**. Defendants shall file their response to the FAC by **September 19, 2025**; such response shall include all copies of all unreported cases cited in the brief(s). Plaintiff shall have until **February 27, 2026** to oppose Defendants' anticipated motion to dismiss the FAC; in his opposition, Plaintiff may raise any issues involving the length of Defendants' brief or his claim that Defendants improperly used artificial intelligence in connection with their motion to dismiss, as well as any other appropriate grounds for opposing a motion to dismiss; Plaintiff may not respond to the anticipated motion to dismiss by filing a further amended complaint without leave of Court. Defendants' reply in further support is due by **March 27, 2026**.

2. The Court has no intention of "blocking" Plaintiff's PACER account.

3. At the conference, Plaintiff requested that the Court issue all orders in this case as "not for publication," to avoid the orders appearing on the internet. It is the Court's understanding that, unless an order is sealed, companies that harvest filings on PACER, including orders, are capable of copying case filings and making the filings available on the internet. The office of the Clerk of Court informs me that there is no way to prevent publication of cases absent a sealing order. Plaintiff has not met the high standard for filing orders under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

4. To the extent that Plaintiff is seeking recusal of the undersigned based on an appearance of partiality, that application is **DENIED**. Plaintiff has not identified any basis on which the undersigned might be considered biased other than perhaps his disagreement with certain orders issued by the undersigned. However, disagreement with a judge's decisions is not a proper basis for seeking recusal. *Straw v. Dentons US LLP*, No. 20-CV-3312 (JGK), 2020 WL 4004128, *1 (S.D.N.Y. July 15, 2020) ("Disagreement with the decision of the Court is not a basis for recusal.").

The Clerk of Court is respectfully requested to terminate ECF 59.

DATED: September 15, 2025
New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge