UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRASANNA GOONEWARDENA,

                    Plaintiff,

    -against-

CITY OF NEW YORK, et al.,

                Defendants.

24-CV-5554 (MMG) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On January 15, 2026, Plaintiff filed a letter complaining that a DSS representative was protesting his unemployment benefits application and had sent the New York State Department of Labor ("NYSDOL") a copy of the adverse decision in Plaintiff's OATH matter. Plaintiff asked the Court to order Defendants and their counsel "to stop making any further false statements" to provide Plaintiff with "some sort of immediate relief." (ECF 81.) I ordered Defendants to respond (ECF 83), which they did as required. Defendants correctly point out that this Court lacks authority to order NYSDOL to pay unemployment benefits to Plaintiff and that the appropriate avenue for Plaintiff to challenge a denial of unemployment benefits is through NYSDOL procedures. (ECF 87.) Defendants also argue that sending a copy of an OATH decision to NYSDOL does not constitute making a false statement. (*See id.*) Plaintiff disputes the description provided by Defendants' counsel of why NYSDOL denied his unemployment benefits application; asks for leave to submit a recording of his conversation with a NYSDOL representative; and asks the Court to sanction Defendants' counsel for making false statements. (ECF 88.)

This Court has no basis to sanction Defendants or their counsel for statements they made to NYSDOL that are at most tangentially related to this case. Accepting for current purposes the accuracy of Plaintiff's description of his conversation with NYSDOL, the Court need not conclude that the description of this event by Defendants' counsel is inaccurate. That is, Plaintiff's recollection of his interaction with a NYSDOL representative and Defendants' counsel's description of Defendants' interaction with a NYSDOL representative are not necessarily inconsistent. The Court therefore does not need evidence in the form of Plaintiff's recording to decide whether sanctions are appropriate; it is clear that, accepting for current purposes the accuracy of Plaintiff's conversation with a NYSDOL representative, Defendants and their counsel did nothing sanctionable by sharing the OATH decision with NYSDOL and opining that the decision warrants denial of Plaintiff's application for unemployment benefits. Nor does the Court have a basis to stop Defendants and their counsel from speaking to anyone they wish about matters tangential to the issues in this case.

The Court encourages the parties to prepare for the forthcoming settlement conference by shifting their focus from their respective frustrations with each other and instead to consider the benefits of ending the litigation in the near future through a negotiated settlement.

Dated: January 28, 2026
     New York, NY

SO ORDERED,

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

2